### STATE *vs.* WILLIAM WIMER.

1. INDICTMENT AND INFORMATION—DUPLICITY.

A count in an indictment for attempt to commit sodomy, alleging that defendant "did wickedly and unlawfully solicit and incite," is not double, and the words "solicit and incite" do not charge two offenses, nor the commission of the same offense in two separate ways.

2. SODOMY—INDICTMENT—SUFFICIENCY—ATTEMPT TO COMMIT—SOLICITATION.

The contention that an indictment is faulty because it alleges that defendant solicited the other party to permit defendant to commit sodomy is unavailing, since either party may be indicted for the offense.

3. SODOMY—INDICTMENT—COUNT—OVERT ACT—INDEFINITE.

A count in an indictment for sodomy *held* too indefinite and uncertain, and not in any way to allege an overt act.

(*May* 14, 1918.)

Judges RICE and HEISEL sitting.

*David J. Reinhardt*, Attorney General, and *Percy Warren Green*, Deputy Attorney General, for the state.

*Philip L. Garrett* for defendant.

Court of General Sessions, New Castle County, May Term, 1918.

INDICTMENT No. 38, May Term, 1918.

William Wimer was indicted on two counts for an attempt to commit sodomy, and demurred to each count. Demurrer to first count overruled. Demurrer to second count sustained.

RICE, J.:—William Wimer, the defendant, was indicted at the present term of court, charged with an attempt to commit sodomy. The indictment contains two counts. Counsel for defendant demurred to both counts.

In the first count it is alleged "that William Wimer   *   *   * devising and intending   *   *   * to vitiate and corrupt the morals of one Joseph Ford, and to stir up and incite in his mind filthy, lewd and unchaste desires and inclinations   *   *   * did wickedly and unlawfully solicit and incite the said Joseph Ford to permit and suffer him, the said William Wimer, then and there feloniously and contrary to the order of nature, carnally to know the said Joseph Ford, and commit on his person the detestable and abominable crime of sodomy.   *   *   *''

The second count alleges "that William Wimer   *   *   * devising and intending   *   *   * to vitiate and corrupt the morals of said Joseph Ford, and to stir up and incite in his mind filthy, lewd and unchaste desires and inclinations   *   *   * did wickedly and unlawfully attempt and endeavor feloniously and wickedly to commit and perpetrate with him, the said Joseph Ford, the detestable and abominable crime of sodomy.   *   *   *''

[1] Counsel for defendant contends that the first count is double in that it alleges the defendant "did wickedly and unlawfully solicit and incite, " etc. The words "solicit" and "incite" do not charge the defendant with the commission of two offenses, or the commission of the same offense in two separate and distinct ways, and having the sanction of the courts and authorities throughout the country, this court is of the opinion that the count is not double.

[2] The further contention is made that the indictment is faulty, for the reason that it sets forth that the defendant solicited the other party to permit him, the defendant, to commit the act. As either party may be indicted for the offense, the court fails to see in what manner this objection can avail the defendant, even if it is only a solicitation to permit the would-be actor to commit the offense on the other party.

[3] The objection to the second count is that it does not allege an overt act. There is a total failure in this count, on the part of the state, in any way to allege an overt act, and the count is generally so indefinite and uncertain that it cannot be sustained on demurrer.

For the reasons stated, the demurrer to the first count is overruled, and the demurrer to the second count is sustained.